# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT,<br><br>        Plaintiff,<br><br>      v.<br><br>HESKA CORPORATION, ROBERT L. ANTIN, STEPHEN L. DAVIS, MARK F. FURLONG, JOACHIM A. HASENMAIER, SCOTT W. HUMPHREY, SHARON J. MAPLES, DAVID E. SVEEN, and KEVIN S. WILSON,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Heska Corporation ("Heska" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Mars, Incorporated ("Mars") through Mars' Science & Diagnostics division, Antech Diagnostics, Inc. ("Antech").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On March 31, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with W Antech, Antech's wholly owned subsidiary, Helsinki Merger Sub LLC ("Merger Sub"), and solely for purposes of Section 9.15, Mars. The Merger Agreement provides that Company stockholders will receive $120.00 per share of Heska common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the May 8, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for June 7, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Heska common stock.

10. Defendant Heska is a Delaware corporation with its principal executive offices located at 3760 Rocky Mountain Avenue, Loveland, Colorado 80538. Heska's shares trade on the Nasdaq Capital Market under the ticker symbol "HSKA." Heska sells, manufactures, markets, and supports diagnostic and specialty products and solutions for veterinary practitioners. Heska's portfolio includes point-of-care ("POC") diagnostic laboratory instruments and consumables, including rapid assay diagnostic products and digital cytology services; POC digital imaging diagnostic products; local and cloud-based data services; practice information management software and related software and support; reference laboratory testing; allergy testing and immunotherapy; heartworm preventive products; and vaccines. The

Company's business is composed of two operating and reportable segments: North America and International. North America consists of the United States, Canada, and Mexico. International consists of geographies outside of North America, primarily in Germany, Italy, Spain, France, Switzerland, Australia, and Malaysia.

11. Defendant Robert L. Antin is and has been a director of the Company at all times relevant hereto.

12. Defendant Stephen L. Davis is and has been a director of the Company at all times relevant hereto.

13. Defendant Mark F. Furlong is and has been a director of the Company at all times relevant hereto.

14. Defendant Joachim A. Hasenmaier is and has been a director of the Company at all times relevant hereto.

15. Defendant Scott W. Humphrey is and has been Chair of the Board and a director of the Company at all times relevant hereto.

16. Defendant Sharon J. Maples is and has been a director of the Company at all times relevant hereto and previously served as Board Chair from October 2015 to October 2018 and Lead Director of the Company from May 2014 to October 2015.

17. Defendant David E. Sveen is and has been a director of the Company at all times relevant hereto.

18. Defendant Kevin S. Wilson is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20.     On April 3, 2023, the Company and Mars jointly announced in relevant part:

DOWNERS MCLEAN, Va. and LOVELAND, Colo., April 3, 2023 /PRNewswire/ -- Mars, Incorporated ("Mars"), and Heska Corporation (NASDAQ: HSKA) ("Heska") today announced that they have entered into a definitive agreement under which Mars will acquire Heska, a global provider of advanced veterinary diagnostic and specialty products for $120.00 per share. The transaction price represents a premium of approximately 38% over Heska's 60-calendar day volume weighted average price and a premium of approximately 23% over Heska's closing stock price as of March 31, 2023. The agreement has been unanimously approved by the boards of directors of both companies. Upon transaction close, Heska will join Mars Petcare, a purpose-driven global business serving pets and pet owners through products and services within veterinary health and diagnostics, nutrition, innovation, and technology. This acquisition will enable the Science & Diagnostics division of Mars Petcare to expand its diagnostic offerings and broadly promote point-of-care veterinary diagnostics to the global pet healthcare community.

Nefertiti Greene, President, Mars Petcare, Science & Diagnostics, said: "We look forward to welcoming Heska to Science & Diagnostics as we share the belief that diagnostic innovation is a critical enabler to providing transformative veterinary care." Greene added: "This transaction will bring together highly complementary businesses with a strong strategic and cultural fit that furthers our purpose to create A BETTER WORLD FOR PETS™. This comprehensive diagnostic offering will mean broader coverage across diagnostic products, services, and technology, and will accelerate R&D for novel solutions."

Kevin Wilson, Chief Executive Officer & President, Heska, commented: "Today's announcement is a great testament to the quality of our Heska family - we are small, but our people and their creativity, execution, expertise, and value-creation have made us exceptional. We are thrilled to join Mars Petcare on its quest to build A BETTER WORLD FOR PETS™. Working together, Heska's innovations will more quickly reach more veterinarians to help more pet families live better, healthier, longer lives. That's been our mission for over a decade and today is an incredible milestone towards realizing it."

Science & Diagnostics includes Antech Diagnostics ("Antech"), a global veterinary diagnostics business. Antech has brought innovative technologies and solutions backed by scientific rigor and data-driven insights to veterinary professionals for more than 35 years. Antech's range of businesses includes reference laboratories, veterinary imaging and education and telemedicine with

board-certified specialist support services through Antech Imaging Services (AIS).

Founded in 1988, Heska sells, manufactures, markets, and supports diagnostic and specialty solutions for veterinary practitioners. Since its inception, Heska has been committed to bettering the lives of its veterinarian customers, their pet patients, and pet owners around the world through its point-of-care diagnostics and informatics platform. With a focus on investing in technology, research and development, and strategic partnerships with world-class leaders in diagnostics and treatments, Heska seeks to provide the benefits of breakthrough innovations to pet healthcare providers across North America and internationally, including Germany, Italy, Spain, France, Switzerland, Australia, and Malaysia.

The transaction includes customary closing conditions, including Heska shareholders' and regulatory approvals, and is anticipated to close in the second half of 2023.

Advisors

Lazard served as the financial advisor for Mars, and Skadden, Arps, Slate, Meagher & Flom LLP acted as Mars' legal advisor.

BofA Securities, Inc. and Piper Sandler & Co. served as Heska's financial advisors, and Gibson, Dunn & Crutcher LLP acted as Heska's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on May 8, 2023  The Proxy Statement, which recommends that Heska stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisors, BofA Securities, Inc. ("BofA Securities") and Piper Sandler & Co. ("Piper Sandler"); (c) the background of the Proposed Transaction; and (d) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

22. The Proxy Statement fails to disclose the line items underlying the Company's forecasted: (a) Adjusted EBITDA; (b) EBIT; (c) Tax-Effected EBIT; and (d) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning BofA Securities' and Piper Sandler's Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning BofA Securities' financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* performed by BofA Securities, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (c) the Company's outstanding shares used in the analysis.

25. With respect to the *Selected Publicly Traded Companies Analysis* and *Selected Precedent Transactions Analysis* performed by BofA Securities, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the companies and transactions analyzed by the financial advisor

26. With respect to the stock price targets analysis performed by BofA Securities, the Proxy Statement fails to disclose the individual price targets observed and their sources.

27. With respect to the premia paid analysis performed by BofA Securities, the Proxy Statement fails to disclose the identities of the transactions analyzed and the individual premiums observed.

28. The Proxy Statement also fails to disclose material information concerning Piper Sandler's financial analyses.

29. With respect to the *Discounted Cash Flow Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose both the Company's terminal values, as well as the Company's shares outstanding used in the analysis.

30. With respect to the Selected *Public Companies Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the companies analyzed; and (b) the Company's respective calendar year 2023 and 2024 revenue and EBITDA.

31. With respect to the *Selected M&A Transactions Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

32. With respect to the *Premiums Paid Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose the identities of the transactions analyzed and the individual premiums observed.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

33. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether the Company executed confidentiality agreements with "Party A," "Party B," and/or "Party C" and if so, whether they contain a "don't-ask, don't-waive" standstill provision that is presently precluding any of these parties from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

34. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Mars' proposals or

8

indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

35. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

36. The omission of the above-referenced information renders statements in the "Certain Unaudited Forecasted Financial Information," "Opinion of Financial Advisors to Heska," "Interests of Heska's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

37. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Heska**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially

misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Heska is liable as the issuer of these statements.

40. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

47. The Individual Defendants acted as controlling persons of Heska within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Heska and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions

as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 18, 2023                               **LONG LAW, LLC**

                                                   By:  */s/ Brian D. Long*
                                                        Brian D. Long (#4347)
                                                        3828 Kennett Pike, Suite 208
                                                        Wilmington, DE 19807
                                                        Telephone: (302) 729-9100
                                                        Email: BDLong@LongLawDE.com

                                                        *Attorneys for Plaintiff*